UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

       - v. -                       :

JOSHUA MEREGILDO,                    :
    a/k/a "Killa,"
MELVIN COLON,                        :
    a/k/a "Melly,"
EARL PIERCE,                         :
    a/k/a "Skeet Box,"
NOLBERT MIRANDA,                     :
    a/k/a "PayDay,"
LEBITHAN GUZMAN,                     :
    a/k/a "Levi,"
AUBREY PEMBERTON,                    :
    a/k/a "Au,"
FELIPE BLANDING,                     :
    a/k/a "Hump,"
JAVON JONES,                         :
    a/k/a "Capo,"
DANTE BARBER,                        :
    a/k/a "Tay,"
NATHANIEL FLUDD,                     :
    a/k/a "Juntao,"
KEVIN PINERO,                        :
    a/k/a "SB,"
TOSHNELLE FOSTER,                    :
    a/k/a "Tosh," and
ORFELINA BRITO,                      :
    a/k/a "Becky,"
                       :

        Defendants.

                       :

- - - - - - - - - - - - - - - - - -x

**SUPERSEDING
INDICTMENT**

S8 11 Cr. 576 (WHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 28 2012

## INTRODUCTION

    1.  At all times relevant to this Indictment, the

defendants, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a

"Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a

"PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a

"Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo,"

DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Jun Tao,"
TOSHNELLE FOSTER, a/k/a "Tosh," and KEVIN PINERO, a/k/a "SB," and
others known and unknown, were members and associates of the
Courtlandt Avenue Crew ("CAC"), a criminal organization whose
members and associates engaged in, among other things, narcotics
trafficking, attempted murder, and murder.  The CAC operated
principally in the Bronx, New York.

THE RACKETEERING VIOLATIONS

COUNT ONE

The Grand Jury charges:

THE ENTERPRISE

2.    The Courtlandt Avenue Crew, including its
leadership, its membership, and its associates, constituted an
"enterprise," as defined by Title 18, United States Code, Section
1961(4), that is, a group of individuals associated in fact,
although not a legal entity.  The enterprise constituted an
ongoing organization whose members functioned as a continuing
unit for a common purpose of achieving the objectives of the
enterprise.  At all times relevant to this Indictment, the
enterprise has engaged in, and its activities affected,
interstate and foreign commerce.  JOSHUA MEREGILDO, a/k/a
"Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet
Box," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a
"Hump," JAVON JONES, a/k/a "Capo," NATHANIEL FLUDD, a/k/a

2

"Juntao," and KEVIN PINERO, a/k/a "SB," the defendants, participated in the operation and management of the enterprise, and participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

<u>PURPOSES OF THE ENTERPRISE</u>

3.   The purposes of the enterprise included the following:

a.   Enriching the members and associates of the enterprise through, among other things, the distribution of narcotics, including "crack" cocaine and marijuana.

b.   Preserving and protecting the power of the enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

c.   Promoting and enhancing the enterprise and the activities of its members and associates.

<u>MEANS AND METHODS OF THE ENTERPRISE</u>

4.   Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the enterprise were the following:

a.   Members and associates of the enterprise committed, conspired to commit, and attempted to commit, acts of violence, including murder, to protect and expand the enterprise's criminal operations, including the retail

distribution of crack cocaine and marijuana.

        b.    Members and associates of the enterprise used physical violence and threats of violence, including murder and attempted murder, against various people involved in the illegal narcotics business, including in particular rival narcotics traffickers, rival gang members, and individuals who were suspected of cooperating with law enforcement against members and associates of the enterprise.

        c.    Members and associates of the enterprise used physical violence against various people, including murders and attempted murders.

        d.    Members and associates of the enterprise sold narcotics, including "crack" cocaine and marijuana.

        e.    Many young men who were members and associates of the CAC, including MEREGILDO, COLON, PEMBERTON, BLANDING, JONES, BARBER, FLUDD, PINERO, and FOSTER, were also members of a gang called "God's Favorite Children."

## THE RACKETEERING VIOLATION

        5.    From at least in or about Spring 2010, up to and including in or about September 2011, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," NATHANIEL FLUDD, a/k/a "Juntao," and KEVIN PINERO, a/k/a "SB,"

the defendants, and others known and unknown, being persons
employed by and associated with the enterprise described above,
to wit, the Courtlandt Avenue Crew, which was engaged in, and the
activities of which affected, interstate and foreign commerce,
knowingly conducted and participated, directly and indirectly, in
the conduct of the affairs of that enterprise through a pattern
of racketeering activity, that is, through the commission of the
following acts of racketeering:

<u>THE PATTERN OF RACKETEERING ACTIVITY</u>

6.   The pattern of racketeering activity, as defined
in Title 18, United States Code, Sections 1961(1) and 1961(5),
consisted of the following acts:

<u>Racketeering Act One: Conspiracy to Murder and
Murder of Carrel Ogarro</u>

7.   JOSHUA MEREGILDO, a/k/a "Killa," the defendant,
committed the following acts, either one of which alone
constitutes the commission of Racketeering Act One:

a.   <u>Conspiracy to Murder Carrel Ogarro</u>

In or about July 2010, in the Southern
District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the
defendant, together with others known and unknown, knowingly
conspired to murder Carrel Ogarro, in violation of New York Penal
Law, Sections 105.15 and 125.25, in that, with the intent to
cause the death of Carrel Ogarro, JOSHUA MEREGILDO, a/k/a
"Killa," the defendant, agreed together and with others known and

unknown to engage in or cause the performance of such murder.

<u>Overt Act</u>

(i)  On or about July 31, 2010, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, shot and killed Carrel Ogarro, in the vicinity of 300 East 158th Street, Bronx, New York.

b.   <u>Murder of Carrel Ogarro</u>

On or about July 31, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of Carrel Ogarro, in the vicinity of 300 East 158th Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00 and 125.25, in that, with the intent to cause the death of Ogarro, MEREGILDO caused the death of Ogarro.

<u>Racketeering Act Two: Conspiracy to Murder and
Murder of Delquan Alston</u>

8.   MELVIN COLON, a/k/a "Melly," the defendant, committed the following acts, either of which alone constitutes the commission of Racketeering Act Two:

a.   <u>Conspiracy to Murder Delquan Alston</u>

In or about August 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant, together with others known and unknown, knowingly conspired to murder Delquan Alston, in violation of New York Penal Law,

Sections 105.15 and 125.25, in that, with the intent to cause the death of Delquan Alston, MELVIN COLON, a/k/a "Melly," the defendant, agreed together and with others known and unknown to engage in or cause the performance of such murder.

<u>Overt Act</u>

(i)   On or about August 27, 2010, MELVIN COLON, a/k/a "Melly," the defendant, shot and killed Delquan Alston, in the vicinity of 285 East 156th Street, Bronx, New York.

b.   <u>Murder of Delquan Alston</u>

On or about August 27, 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant, and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of Delquan Alston, in the vicinity of 285 East 156th Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00 and 125.25, in that, with the intent to cause the death of Alston, COLON caused the death of Alston.

<u>Racketeering Act Three: Conspiracy to Murder and Attempted Murder of Rival Narcotics Distributors</u>

9.   JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, committed the following acts, either of which alone constitutes the commission of Racketeering Act Three:

a.   <u>Conspiracy to Murder Members of Narcotics Trafficking Gang Operating at 321 East 153rd Street</u>

In or about 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, together with others known and unknown, knowingly conspired to murder members of a rival narcotics trafficking gang operating at 321 East 153rd Street (the "321 Organization"), in the Bronx, New York, in violation of New York State Penal Law, Sections 105.15 and 125.25.

<u>Overt Act</u>

(i) On or about September 13, 2010, JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, in the vicinity of 321 East 153rd Street, Bronx, New York, agreed together and with others to murder a rival narcotics trafficker associated with the 321 Organization ("V-1").

b.   <u>Attempted Murder of V-1</u>

On or about September 13, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, and others known and unknown, intentionally and knowingly attempted to murder and aided and abetted the attempted murder of V-1 in the vicinity of 321 East 153rd Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00, 110.00, and 125.25, in that, with the intent to cause the death of V-1, MEREGILDO and

8

PIERCE, and others known and unknown, engaged in conduct that tended to effect the commission of such murder.

<u>Racketeering Act Four: Conspiracy to Murder and Attempted Murders of Rival Gang Members</u>

10.    MELVIN COLON, a/k/a "Melly," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," NATHANIEL FLUDD, a/k/a "Juntao," and KEVIN PINERO, a/k/a "SB," the defendants, committed the following acts, any of which alone constitutes the commission of Racketeering Act Four:

a.    <u>Conspiracy to Murder Members of Rival Gang Based at Maria Lopez Plaza</u>

From in or about August 2010, up to and including September 2011, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," NATHANIEL FLUDD, a/k/a "Juntao," and KEVIN PINERO, a/k/a "SB," the defendants, together with others known and unknown, knowingly conspired to murder rival members of a rival gang based at Maria Lopez Plaza (the "Maria Lopez Crew," also known as the "Young Gunnaz," or "YGz") in the Bronx, New York, in violation of New York State Penal Law, Sections 105.15 and 125.25.

<u>Overt Acts</u>

(i)    On or about August 6, 2010, in the vicinity of 599 Morris Avenue, Bronx, New York, a co-conspirator not named as a defendant herein ("CC-1") shot and attempted to

9

murder a member of the Maria Lopez Crew ("V-2").

(ii) On or about August 7, 2010, in the vicinity of 3080 Park Avenue, Bronx, New York, CC-1 shot and attempted to murder a member of the Maria Lopez Crew ("V-3").

(iii) On or about January 25, 2011, in the vicinity of East 158th Street and Concourse Village West, JAVON JONES, a/k/a "Capo," and TOSHNELLE FOSTER, a/k/a "Tosh," possessed a firearm that they planned on using to shoot at members of the Maria Lopez Crew that day.

(iv) On or about July 7, 2011 in the vicinity of 225 East 149th Street, Bronx, New York, NATHANIEL FLUDD, a/k/a "Juntao," the defendant, and others known and unknown, shot at and attempted to murder one or more members of the Maria Lopez Crew, inadvertently hitting a bystander ("V-4").

(v) On or about September 8, 2011, in the vicinity of 600 Morris Avenue, Bronx, New York, MELVIN COLON, a/k/a "Melly," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," and KEVIN PINERO, a/k/a "SB," the defendants, and others known and unknown, shot at and attempted to murder members of the Maria Lopez Crew, inadvertently hitting at least one bystander ("V-5").

(vi) On or about September 22, 2011, in the vicinity of Morris Avenue and East 150th Street, Bronx, New York, NATHANIEL FLUDD, a/k/a "Juntao," and KEVIN PINERO, a/k/a "SB"

possessed two firearms that they planned on using to shoot at members of the Maria Lopez Crew that day.

        (vii)  On numerous additional occasions in 2010 and 2011, members and associates of the CAC traveled to the vicinity of Maria Lopez Plaza and shot at and attempted to kill members of the Maria Lopez Crew.

      b.   <u>July 7, 2011 Attempted Murder of Maria Lopez Crew Member</u>

        On or about July 7, 2011, in the Southern District of New York, NATHANIEL FLUDD, a/k/a "Juntao," the defendant, and others known and unknown, intentionally and knowingly attempted to murder and aided and abetted the attempted murder of a member of the Maria Lopez Crew, inadvertently hitting a bystander ("V-4"), in the vicinity of 225 East 149th Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00, 110.00, and 125.25, in that, with the intent to cause the death of a member of the Maria Lopez Crew, FLUDD, and others known and unknown, engaged in conduct that tended to effect the commission of such murder.

      c.   <u>September 8, 2011 Attempted Murder of Maria Lopez Crew Members</u>

        On or about September 8, 2011, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," and KEVIN PINERO, a/k/a "SB," the defendants, and others known and

unknown, intentionally and knowingly attempted to murder and aided and abetted the attempted murder of members of the Maria Lopez Crew, inadvertently hitting a bystander ("V-5"), in the vicinity of 600 Morris Avenue, Bronx, New York, in violation of New York Penal Law, Sections 20.00, 110.00, and 125.25, in that, with the intent to cause the death of a member of the Maria Lopez Crew, COLON, PEMBERTON, BLANDING, PINERO, and others known and unknown, engaged in conduct that tended to effect the commission of such murder.

### Racketeering Act Five: Murder of William Shaw

11.    On or about September 21, 2011, in the Southern District of New York, KEVIN PINERO, a/k/a "SB," the defendant, and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of William Shaw, in the vicinity of 299 East 158th Street, Bronx, New York in violation of New York Penal Law, Sections 20.00 and 125.25, in that, with the intent to cause the death of Shaw, PINERO caused the death of Shaw.

### Racketeering Act Six: Narcotics Conspiracy

12.    From at least in or about Spring 2010, up to and including in or about September 2011, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo,"

NATHANIEL FLUDD, a/k/a "Juntao," and KEVIN PINERO, a/k/a "SB," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States, in violation of Title 21, United States Code, Section 846.

13.   It was a part and an object of this conspiracy that JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," NATHANIEL FLUDD, a/k/a "Juntao," and KEVIN PINERO, a/k/a "SB," the defendants, and others known and unknown, would and did distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1).

14.   The controlled substances involved in the offense were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); and (2) a quantity of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 18, United States Code, Sections 1961 and 1962(c).)

COUNT TWO

THE RACKETEERING CONSPIRACY

The Grand Jury further charges:

15.   Paragraphs 1 through 4 of Count One of this
Indictment are realleged and incorporated by reference as though
fully set forth herein.

16.   From at least in or about Spring 2010, up to and
including in or about September 2011, in the Southern District of
New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a
"Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a
"Pay Day," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a
"Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo,"
DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," KEVIN
PINERO, a/k/a "SB," and TOSHNELLE FOSTER, a/k/a "Tosh," the
defendants, and others known and unknown, being persons employed
by and associated with the enterprise described in Paragraphs 1
through 4 of Count One of this Indictment, to wit, the Courtlandt
Avenue Crew, knowingly and intentionally combined, conspired,
confederated, and agreed together and with others to violate the
racketeering laws of the United States, to wit, Section 1962(c)
of Title 18, United States Code, that is, to conduct and
participate, directly and indirectly, in the conduct of the
affairs of that enterprise, which was engaged in, and the
activities of which affected, interstate and foreign commerce,

14

through a pattern of racketeering activity consisting of multiple acts involving murder, chargeable under the following provisions of state law:

New York Penal Law, Sections 20.00 and 125.25 (murder);

New York Penal Law, Sections 20.00, 110.00, and 125.25 (attempted murder);

New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder); and

multiple acts involving the distribution of controlled substances, including 280 grams and more of crack cocaine and a quantity of marijuana, in violation of the laws of the United States, Title 21, United States Code, 812, 841(a)(1), 841(b)(1)(A), (b)(1)(D), and 846, and Title 18, United States Code, Section 2.

17. It was a part of the conspiracy that JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "Pay Day," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," KEVIN PINERO, a/k/a "SB," and TOSHNELLE FOSTER, a/k/a "Tosh," the defendants, agreed that a conspirator would commit at least two

acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT THREE

### CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

18.   At all times relevant to this Indictment, the Courtlandt Avenue Crew, as described in paragraphs 1 through 4 of Count One of this Indictment, which are realleged and incorporated by reference as though fully set forth herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

19.   At all times relevant to this Indictment, the Courtlandt Avenue Crew, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

16

20.   In or about July 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder Carrel Ogarro, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT FOUR

### MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

21.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

22.   On or about July 31, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in

racketeering activity, as described above, intentionally and knowingly murdered and aided and abetted the murder of Carrel Ogarro, in the vicinity of 300 East 158th Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

COUNT FIVE

CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

23.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24.   In or about August 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder Delquan Alston, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

18

<u>COUNT SIX</u>

<u>MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

25.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

26.   On or about August 27, 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered and aided and abetted the murder of Delquan Alston, in the vicinity of 285 East 156th Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT SEVEN</u>

<u>MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

27.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

28.   On or about September 21, 2011, in the Southern District of New York, KEVIN PINERO, a/k/a "SB," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered and aided and abetted the murder of William Shaw, in the vicinity of 299 East 158th Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT EIGHT</u>

<u>CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

29.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

30.   From at least in or about July 2010 up to and including in or about September 2010, in the Southern District of New York, EARL PIERCE, a/k/a "Skeet Box," and JOSHUA MEREGILDO, a/k/a "Killa," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the

20

Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder members of the 321 Organization, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT NINE

### ASSAULT AND ATTEMPTED MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

31.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

32.   On or about September 13, 2010, in the Southern District of New York, EARL PIERCE, a/k/a "Skeet Box," and JOSHUA MEREGILDO, a/k/a "Killa," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, PIERCE and MEREGILDO, committed, and aided and abetted, the

21

shooting and attempted murder of V-1, a member of the 321 Organization, resulting in bodily injury to V-1, in the vicinity of 321 East 153rd Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.)

<u>COUNT TEN</u>

<u>CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

33.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

34.   From at least in or about August 2010, up to and including in or about September 2011, in the Southern District of New York and elsewhere, MELVIN COLON, a/k/a "Melly," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," NATHANIEL FLUDD, a/k/a "Juntao," KEVIN PINERO, a/k/a "SB," and TOSHNELLE FOSTER, a/k/a "Tosh," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder members of the Maria Lopez Crew, in violation of New York

22

Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

COUNT ELEVEN

ASSAULT AND ATTEMPTED MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

35.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

36.   On or about July 7, 2011, in the Southern District of New York, NATHANIEL FLUDD, a/k/a "Juntao," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, FLUDD, attempted to commit, and aided and abetted, the shooting of a member of the Maria Lopez Crew, resulting in bodily injury to at least one bystander ("V-4"), in the vicinity of 225 East 149th Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code, Sections
1959(a)(3), 1959(a)(5), and 2.)

COUNT TWELVE

ASSAULT AND ATTEMPTED MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

37.   Paragraphs 18 and 19 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

38.   On or about September 8, 2011, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," and KEVIN PINERO, a/k/a "SB," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, COLON, PEMBERTON, BLANDING, and PINERO attempted to commit, and aided and abetted, the shooting of members of the Maria Lopez Crew, resulting in bodily injury to at least one bystander ("V-5"), in the vicinity of 600 Morris Avenue, Bronx, New York, in violation of New York Penal Law, Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code, Sections
1959(a)(3), 1959(a)(5), and 2.)

24

NARCOTICS CONSPIRACY

COUNT THIRTEEN

The Grand Jury further charges:

39.  From at least in or about Spring 2010, up to and including in or about September 2011, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," KEVIN PINERO, a/k/a "SB," and ORFELINA BRITO, a/k/a "Becky," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

40.  It was a part and an object of the conspiracy that JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," KEVIN PINERO, a/k/a "SB," and ORFELINA BRITO, a/k/a "Becky," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled

substances, in violation of Title 21, United States Code, Section 841(a)(1).

41.   The controlled substances involved in the offense were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); and (2) a quantity of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## COUNT FOURTEEN

### MURDER IN CONNECTION WITH A DRUG CRIME

The Grand Jury further charges:

42.   On or about July 31, 2010, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, the narcotics conspiracy charged in Count Nine of this Indictment, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Carrel Ogarro, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A), Title 18, United States Code, Section 2.)

<u>COUNT FIFTEEN</u>

<u>MURDER IN CONNECTION WITH A DRUG CRIME</u>

The Grand Jury further charges:

43.  On or about August 27, 2010, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, the narcotics conspiracy charged in Count Nine of this Indictment, MELVIN COLON, a/k/a "Melly," the defendant, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Delquan Alston, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A), Title 18, United States Code, Section 2.)

<u>COUNT SIXTEEN</u>

<u>MURDER IN CONNECTION WITH A DRUG CRIME</u>

The Grand Jury further charges:

44.  On or about September 21, 2011, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, the narcotics conspiracy charged in Count Twelve of this Indictment, KEVIN PINERO, a/k/a "SB," the defendant, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the

intentional killing of William Shaw, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A), Title 18, United States Code, Section 2.)

## FIREARMS CHARGES

### COUNT SEVENTEEN

The Grand Jury further charges:

45.  On or about July 31, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering charged in Count Four of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MEREGILDO caused the death of Carrel Ogarro, by discharging a firearm at Ogarro, and aiding and abetting the same, in the vicinity of 300 East 158th Street, Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT EIGHTEEN

The Grand Jury further charges:

46.  On or about August 27, 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant,

28

willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering charged in Count Six of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, COLON caused the death of Delquan Alston, by discharging a firearm at Alston, and aiding and abetting the same, in the vicinity of 285 East 156th Street, Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT NINETEEN

The Grand Jury further charges:

47.   On or about September 21, 2011, in the Southern District of New York, KEVIN PINERO, a/k/a "SB," the defendant, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering charged in Count Seven of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through

the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, PINERO caused the death of William Shaw, by discharging a firearm at Shaw, and aiding and abetting the same, in the vicinity of 229 East 158th Street, Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT TWENTY

The Grand Jury further charges:

48.   On or about September 13, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Eight of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including two handguns that were discharged at V-1 on or about September 13, 2010.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-ONE

The Grand Jury further charges:

49.   From in or about August 2010, up to and including in or about September 2011, in the Southern District of New York,

MELVIN COLON, a/k/a "Melly," AUBREY PEMBERTON, a/k/a "Au," FELIPE
BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," NATHANIEL
FLUDD, a/k/a "Juntao," KEVIN PINERO, a/k/a "SB," and TOSHNELLE
FOSTER, a/k/a "Tosh," the defendants, and others known and
unknown, during and in relation to a crime of violence for which
they may be prosecuted in a court of the United States, namely,
the conspiracy to commit murder in aid of racketeering charged in
Count Ten of this Indictment, knowingly did use and carry
firearms, and, in furtherance of such crime, did possess
firearms, and did aid and abet the use, carrying, and possession
of firearms, including handguns that were discharged at V-2, V-3,
V-4, and V-5 on different dates in 2010 and 2011, among other
occasions.

          (Title 18, United States Code, Sections
          924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

                    COUNT TWENTY-TWO

      The Grand Jury further charges:

      50.  From in or about at least Spring 2010, up to and
including at least in or about September 2011, in the Southern
District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN
COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT
MIRANDA, a/k/a "PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY
PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON
JONES, a/k/a "Capo," DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD,
a/k/a "Juntao," and KEVIN PINERO, a/k/a "SB," the defendants,

                         31

during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count Thirteen of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including a .22 caliber firearm, a .40 caliber firearm, a .380 caliber firearm, two 9 millimeter firearms, and a .45 caliber firearm, among other firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i),
924(c)(1)(C)(i), and 2.)

## SPECIAL FINDINGS AS TO JOSHUA MEREGILDO

51.   Counts Four, Fourteen, and Seventeen of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Count Four of the Indictment, alleging the murder of Carrel Ogarro in aid of racketeering, Count Fourteen of the Indictment, alleging murder in furtherance of a drug crime, and Count Sixteen of the Indictment, alleging the use of a firearm to murder of Carrel Ogarro in connection with a crime of violence, the defendant JOSHUA MEREGILDO, a/k/a "Killa":

a.   was 18 years of age or older at the time of the offense;

b.   intentionally killed Carrel Ogarro (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally inflicted serious bodily injury

32

that resulted in the death of Carrel Ogarro (Title 18, United States Code, Section 3591(a)(2)(B));

d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Carrel Ogarro died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Carrel Ogarro died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.   committed the murder of Carrel Ogarro as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

g.   committed the murder of Carrel Ogarro after substantial planning and premeditation.

SPECIAL FINDINGS AS TO MELVIN COLON

52.   Counts Six, Fifteen, and Eighteen of the Indictment are realleged and incorporated by reference as though

33

fully set forth herein. As to Count Six of the Indictment, alleging the murder of Delquan Alston in aid of racketeering, Count Fifteen of the Indictment, alleging murder in furtherance of a drug crime, and Count Eighteen of the Indictment, alleging the use of a firearm to murder of Delquan Alston in connection with a crime of violence, the defendant MELVIN COLON, a/k/a "Melly":

        a.   was 18 years of age or older at the time of the offense;

        b.   intentionally killed Delquan Alston (Title 18, United States Code, Section 3591(a)(2)(A));

        c.   intentionally inflicted serious bodily injury that resulted in the death of Delquan Alston (Title 18, United States Code, Section 3591(a)(2)(B));

        d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Delquan Alston died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

        e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a

reckless disregard for human life and Delquan Alston died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

   f. committed the murder of Delquan Alston after substantial planning and premeditation.

<u>SPECIAL FINDINGS AS TO KEVIN PINERO</u>

   53. Counts Seven, Sixteen, and Nineteen of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Count Seven of the Indictment, alleging the murder of William Shaw in aid of racketeering, Count Sixteen of the Indictment, alleging murder in furtherance of a drug crime, and Count Nineteen of the Indictment, alleging the use of a firearm to murder of William Shaw in connection with a crime of violence, the defendant KEVIN PINERO, a/k/a "SB":

   a. was 18 years of age or older at the time of the offense;

   b. intentionally killed William Shaw (Title 18, United States Code, Section 3591(a)(2)(A));

   c. intentionally inflicted serious bodily injury that resulted in the death of William Shaw (Title 18, United States Code, Section 3591(a)(2)(B));

   d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a

person, other than one of the participants in the offense, and William Shaw died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(c); and

        e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Delquan Alston died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)).

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

        54.   The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c).  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of the defendants' convictions under Counts One and Two of this Indictment.

        55.   JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA,

a/k/a "Pay Day," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," KEVIN PINERO, a/k/a "SB," and TOSHNELLE FOSTER, a/k/a "Tosh," the defendants:

    a.    have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b.    have property constituting and derived from proceeds obtained, directly, and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

    56.    The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 (a) (1), and (3), include but are not limited to:

    a.    a sum that represents the gross proceeds received by the defendants pursuant to their racketeering activities as alleged in Counts One and Two during the relevant time period alleged in the Indictment and all interests and proceeds traceable thereto.

37

57.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

58.   The above-named defendants are jointly and severally liable for the forfeiture obligations as alleged above.

(Title 18, United States Code, Section 1963.)

### FORFEITURE ALLEGATION AS TO COUNT THIRTEEN

59.   As a result of committing the controlled substance offense alleged in Count Twelve of this Indictment, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay,"

38

LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au,"
FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE
BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," ORFELINA
BRITO, a/k/a "Becky," and KEVIN PINERO, a/k/a "SB," the
defendants, shall forfeit to the United States, pursuant to 21
U.S.C. § 853, any and all property constituting or derived from
any proceeds the said defendant obtained directly or indirectly
as a result of the said violation and any and all property used
or intended to be used in any manner or part to commit and to
facilitate the commission of the violation alleged in Count
Twelve of this Indictment, including but not limited to, the
following:

a.   A sum in United States currency representing
the amount of all proceeds obtained as a result of the controlled
substance offense alleged in Count Twelve of the Indictment.

<u>Substitute Asset Provision</u>

60.   If any of the property described above as being
subject to forfeiture, as a result of any act or omission of the
defendants –

a.   cannot be located upon the exercise of due
diligence;

b.   has been transferred or sold to, or deposited
with, a third person;

c.   has been placed beyond the jurisdiction of
the Court;

39

        d.   has been substantially diminished in value;

or

        e.   has been commingled with other property which

cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of the

defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

FOREPERSON

PREET BHARARA
United States Attorney

40

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly,"
EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay,"
LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au,"
FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE
BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," KEVIN
PINERO, a/k/a "SB," TOSHNELLE FOSTER, a/k/a "Tosh," and ORFELINA
BRITO, a/k/a "Becky"

Defendants.

### SUPERSEDING
### INDICTMENT

S8 11 Cr. 576 (WHP)

(18 U.S.C. §§ 1962(c), 1962(d), 1959(a)(5), 1959(a)(1),
1959(a)(3), 924(j), 924(c), and 2, 21 U.S.C. §§ 846, 848(e)).)

### PREET BHARARA
United States Attorney.

### A TRUE BILL

Foreperson.

3/28/12    Fld. Superseding Indictment. Arrest Warrant Issued.

Pitman, US MJ