

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/26/16

# LAW OFFICE OF GWEN M. SCHOENFELD

December 30, 2015

Honorable William H. Pauley III
United States District Court,
    Southern District of New York
500 Pearl Street
New York, New York 10007-1312



Re: *United States v. Earl Pierce, et al.* (Dkt. No. 11-cr-576)
    <u>Request for Adjournment Due to Pending Legislation</u>

Dear Judge Pauley:

    I am writing to request a 90-day adjournment of Mr. Pierce's resentencing that is currently scheduled for January 29, 2016. My request is based upon two separate bills pending in the Senate and the House of Representatives that could affect Mr. Pierce's resentencing for the two 18 U.S.C. § 924(c) violations. This is my first request for an adjournment, although prior defense counsel's request for a delay for practice related-issues was granted. The government takes no position on the adjournment request; however, if the Court grants the request, the government believes that 90 days should be the outside limit, since it could take years for the bills to pass.

    The Sentencing Reform and Corrections Act of 2015 (S.2123) and the Sentencing Reform Act of 2015 (H.R. 3713) were recently introduced in the Senate and House in early October 2015. The bills were quickly approved by their respective judiciary committees; S.2123 was approved on October 22 by the Senate Judiciary Committee and H.R.3713 was approved by the House Judiciary Committee on November 18. They both have bipartisan support and advocate many similar sentencing reforms. Both bills contain virtually identical language regarding amendments to § 924(c)(1)(C) (relevant excerpts are attached).

    Currently, § 924(c)(1)(C) provides a 25-year mandatory minimum sentence for "a second or subsequent conviction under this subsection." However, the pending legislation eliminates this quoted language. Instead, both bills require a *15-year* mandatory minimum sentence but only for a "violation of this subsection that occurs after a prior conviction under this subsection or under State law for a crime of

147 RIDGEWOOD AVE., GLEN RIDGE, N.J. 07028    110 EAST 59TH ST., 22ND FLOOR, N.Y., N.Y. 10022
TEL: (917) 363-1888   EMAIL: LAW@GWENSCHOENFELD.COM   FAX: (973) 566-7166

violence that contains as an element of the offense the carrying, brandishing, or use of a firearm has become *final*" (emphasis added). Since at the time that Mr. Pierce committed the instant offenses, he did not have a final conviction for a § 924(c) violation or for a requisite State law crime, § 924(c)(1)(C) would no longer apply to him.

Therefore, if either bill became law, Mr. Pierce's mandatory minimum sentence for Counts 20 and 22 would be 10 years and 5 years, respectively. His combined mandatory minimum for these charges would be 15 years, instead of 30.

|  | Current Law Mandatory Minimum | Pending Bills Mandatory Minimum |
|---|---|---|
| Count 20 | 25 years 924(c)(1)(C)(i) | 10 years 924(c)(1)(A)(iii) |
| Count 22 | 5 years 924(c)(1)(A)(i) | 5 years 924(c)(1)(A)(i) |

While there is no guarantee that these bills will become law, it is significant that both bills contain almost the same language regarding § 924(c), have bipartisan support, and were quickly approved by their respective Judiciary Committees. In addition, the bills would make the law retroactive under certain circumstances. Therefore, adjourning the sentencing for 90 days to see if either bill passes, would conserve judicial and prosecutorial resources by avoiding the possibility of a second resentencing in the near future. Also, this places no additional burden on Mr. Pierce. Even with amended legislation, Mr. Pierce would still have to serve decades in prison and he would not be released any time soon.

Therefore, I respectfully request that the resentencing be adjourned until on or about April 28, 2016, and that the time for submitting objections to the updated Presentence Investigation Report and sentencing submissions be adjusted accordingly. If the Court denies my request, I am prepared to go forward with the resentencing, but ask that the date be adjusted slightly because I intend to provide Probation with objections to the updated Presentence Investigation Report that I received on December 23. Thank you for your consideration.

Application granted. Resentencing adjourned to May 6, 2016 at 4:00 pm. Defendant's sentencing submission due April 22, 2016. Government submission due April 29, 2016.

Respectfully submitted,

Gwen M. Schoenfeld

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

2

1/26/16