AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
Sheet 1

(NOTE:   Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

## Southern District of New York

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| EARL PIERCE | ) | Case Number:   S12 11CR576 (WHP) |
| | ) | USM Number:   65762-054 |
| **Date of Original Judgment:**   9/24/2013 | ) | Gwen Schoenfeld, Esq. |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**Reason for Amendment:**

- ☑ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☑ was found guilty on count(s)   1, 2, 3, 11, 15, 25 and 28 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 1962(c) | Participating in a Racketeering Enterprise | 9/30/2011 | 1 |
| 18 USC 1962(d) | Racketeering Conspiracy | 9/30/2011 | 2 |
| 18 USC 1959(a)(5) | Conspiracy to Murder in Aid of Racketeering | 7/31/2010 | 3 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s)   all remaining/underlying   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/27/2017

Date of Imposition of Judgment

Signature of Judge

William H. Pauley III,                   U.S.D.J.

Name and Title of Judge

3/29/17

Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/17

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
Sheet 1A

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   8

DEFENDANT:  EARL PIERCE
CASE NUMBER:  S12 11CR576 (WHP)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1959(a)(3) & (5) | Assault/Attempted Murder in Aid of Racketeering | 9/13/2010 | 11 |
| 21 USC 841(b)(1)(A) & (b)(1)(D) & 846 | Conspiracy to Distribute and Possess with Intent to Distribute Crack and Marijuana | 9/30/2011 | 15 |
| 18 USC 924(c)(1)(A)(i) & 18 USC 924(c)(1)(C)(i) | Discharge of a Firearm in Furtherance of a Crime of a Crime of Violence | 9/13/2010 | 24 |
| 18 USC 924(c)(1)(A)(i) & 18 USC 924(c)(1)(C)i | Possession of Firearms During and in Relation to a Drug Trafficking Crime | 9/30/2011 | 28 |

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment                                        (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __3__ of __8__

DEFENDANT:   EARL PIERCE
CASE NUMBER:   S12 11CR576 (WHP)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

540 months.  The specific terms are as follows:  180 months imprisonment for counts 1, 2, 11, and 15; 120 months on count 3.  All of those sentences are to run concurrent with one another.  In addition, a 60 month consecutive sentence is imposed on count 28 and an additional 300 month consecutive sentence is imposed on count 24.

☑   The court makes the following recommendations to the Bureau of Prisons:

 House the defendant in the same facility he was previously designated, Canaan, if possible, or if that is not possible, in a facility as close as practicable to the New York Metropolitan area, in accord with any security concerns by the Bureau of Prisons.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at _____   ☐   a.m.   ☐   p.m.   on _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
               Sheet 3 — Supervised Release
                                                                          (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   4   of   8

DEFENDANT:   EARL PIERCE
CASE NUMBER:   S12 11CR576 (WHP)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

5 years on counts 1, 2, 15, 24, and 28.
3 years on counts 3 and 11.   All terms of supervised release to run concurrently.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.  ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page   5   of   8

DEFENDANT:     EARL PIERCE
CASE NUMBER:   S12 11CR576 (WHP)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature    _____     Date   _____

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
        Sheet 3D — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page   6   of   8  

DEFENDANT:   EARL PIERCE
CASE NUMBER:   S12 11CR576 (WHP)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in reasonable manner.  Failure to submit to a search may be grounds for revocation.  The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant shall participate in a substance abuse treatment program approved by the United States Probation Office, which may include testing to determine whether the defendant has reverted to use of drugs or alcohol.  The Court authorizes the release of available substance abuse treatment evaluations and reports to the treatment provider, as approved by the probation officer.  The defendant shall contribute to the costs of services rendered (co-payment) in an amount to be determined by the probation officer, based on ability to pay or availability of third party payment.

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties                                   (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   7   of   8  

DEFENDANT:  EARL PIERCE
CASE NUMBER:  S12 11CR576 (WHP)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 700.00 | $ | $ | $ |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be
    entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| TOTALS | $ 0.00 | $ 0.00 | |
|---|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐   the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __8__ of __8__

DEFENDANT:  EARL PIERCE
CASE NUMBER:  S12 11CR576 (WHP)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☐  Lump sum payment of $ __700.00__ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance with  ☐  C,   ☐  D,   ☐  E, or   ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.