UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ENRIQUE BRITO,

                Movant,                16-cv-7618 (PKC)

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x
EARL PIERCE,

                Movant,                18-cv-2412 (PKC)

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                        11-cr-576 (PKC)

    -against-

EARL PIERCE and ENRIQUE BRITO,              ORDER

                Defendants.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

          The Court requires a supplemental letter brief addressing the following:

          1. The Circuit has decided <u>United States v. Pastore</u>, 36 F.4th 423, 430 (2d Cir. 2022), <u>opinion withdrawn and superseded on rehearing</u>, — F.4th —, 2023 WL 6379704, at *4 (2d Cir. Oct. 2, 2023), that appears to dispositive on whether attempted murder under New York law is a crime of violence for the purpose of the elements clause of 18 U.S.C. § 924(c). Is this Court bound by this decision that appears to be controlling precedent governing an issue on these motions?

          2. Not expressly decided in <u>Pastore II</u> is the issue of whether aiding and abetting attempted murder is a crime of violence. Does pre-<u>Taylor</u> Circuit precedent continue to control? Are there cases before the Circuit or the Supreme Court that will decide the issue? Does the modified categorical approach play any role in deciding the aiding and abetting issue as to either Brito or Pierce.

1

3. Both defendants and the government should offer their views on whether aiding and abetting assault with a dangerous weapon under New York law is a crime of violence for the purpose of the elements clause in § 924(c).

4. Does the plain error doctrine apply, and if so, how does it apply to the motions filed by Brito and Pierce.

5. Is there any other issue presented on the motion to vacate that the Court should or must decide.

Defendants' submissions are due December 1, 2023. The government's response is due January 9, 2024.

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 23, 2023